IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN DONNELLY, on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>　　v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED: APRIL 14, 2009<br>09CV2264<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE NOLAN<br>AO<br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1.　　Plaintiff Alan Donnelly brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.　　This Court has federal question subject matter jurisdiction over the FDCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.　The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).　There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

3.　　Venue is proper because a substantial portion of the events complained of occurred in this District.

1

**PARTIES**

4. Plaintiff is an individual who resides in this district.

5. NCO Financial Systems, Inc. ("NCO") is a debt collection agency that does business in this District. Its registered agent in Illinois is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**FACTS**

6. Defendant has made several telephone calls to plaintiff's cellular telephone, including on April 1, 2. 6, 8, 11, and 14, 2009.

7. Plaintiff never consented to have defendant, or any creditor, call his cellular telephone.

8. Defendant left automated voice mail messages for plaintiff when it made some or all of these calls.

9. Upon information and belief, defendant used an auto-dialer when it made these calls.

10. Defendant has made similar calls to other Illinois, Wisconsin and Indiana consumers' cell phones.

11. The TCPA prohibits the making of telephone calls to cell phones using either auto-dialers, prerecorded messages or both.

12. Defendant has been sued for this kind of violation before. It entered into a class action settlement and injunction in the case *Bellows v. NCO*, case no. Case No. 3:07-cv-01413-W-AlB (S.D.Cal.). NCO paid $950,000 to settle those claims. The settlement agreement asserts that all TCPA claims of everyone in the United States NCO called illegally, up to and including August 19, 2008, were released.

2

13. NCO continues to call consumers' cellular phones, including plaintiff's, in spite of the settlement.

14. Avoiding the violations alleged herein would have been possible for NCO.

15. NCO could have stopped using auto dialers but chose not to do so.

16. NCO could have stopped using automated voice messages but chose not to do so.

17. The TCPA does not restrict calls to cell phones that are dialed by humans, and where humans are present on the line when the person called (or his voice mail) picks up.

18. NCO made a conscious decision not to comply with the law.

## COUNT I – Telephone Consumer Protection Act – Class Claim

19. Plaintiff incorporates all paragraphs of this Complaint.

20. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, §227(b)(A)(iii).

21. Defendant made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

22. Defendant's violations were negligent.

23. Alternatively, the violations were willful.

## CLASS ALLEGATIONS

24. Plaintiff brings Counts I and II on behalf of a class and a subclass. The class is defined as:

3

**All persons with addresses in Illinois, Indiana or Wisconsin, (a) to whom NCO either on its own or through an person authorized by NCO; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) where the recipient had not placed his/her cellular telephone number on an application with the creditor; (e) and the call was made at any time after August 19, 2008.**

25. Plaintiff alleges a sub-class of persons whose cellular service was with the following cellular carriers at the time of the call: AT&T Wireless, Cingular Wireless, T-Mobile, Verizon, Sprint, Cellular One or Alltel.

26. Upon information and belief, there are more than 50 members of the proposed class and subclasses; sufficient to satisfy the numerosity requirement.

27. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

    b. Whether such practices violate the TCPA;

    c. Whether such practices violate the FDCPA; and

    d. Damages.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

29.  Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

30.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

31.  Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

32.  The identity of the class is likely readily identifiable from defendants' records.

33.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a)  Statutory damages of $500 per call, or up to $1500 per call if defendant's actions are found to have been willful;

(b)  Any other relief the court deems proper.

### COUNT II – FDCPA – Class Claim

34.  Plaintiff incorporates all previous paragraphs of this complaint.

5

35. The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above when used in connection with collection of a consumer debt are unfair and unconscionable under 15 U.S.C. § 1692f and are a deceptive practice under 1692e, and violate the FDCPA.

36. The class definition is identified in Count I.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. Attorney's fees and costs of suit;

    c. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com