**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN DONNELLY, on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>    Defendant. | )<br>)   09 C 2264<br>)<br>)   Judge Guzman<br>)<br>)<br>)<br>)   JURY DEMANDED<br>)<br>) |

**MOTION TO STRIKE "BONA FIDE ERROR" AFFIRMATIVE DEFENSE
FOR FAILURE TO PLEAD WITH PARTICULARITY PURSUANT TO FED.R.CIV.P 9(b)**

Plaintiff respectfully requests that, pursuant to Fed.R.Civ.P. 12(f), this Court strike defendant's second affirmative defense because it does not comport with the heightened pleading requirements for averments of mistake in Fed.R.Civ.P. 9(b).

In support of this motion, plaintiff states.

1.    This is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") case arising out of debt collector NCO Financial Systems, Inc.'s ("NCO") improper calling of debtors cell phones using automatic dialing systems and prerecorded/automated voice messages.

2.    NCO's second affirmative defense alleges that its FDCPA violations were the result of a bona-fide error, but does not specify the who, what when where and how of the mistake.  <u>Exhibit 1</u>.  Plaintiff thus requests that the Court strike this defense for failure to comply with Fed.R.Civ.P. 9(b) and require NCO to plead this so-called "mistake" with particularity, including the "whos, whats, whens wheres and hows" of the error.

3. Indeed, it is hard to imagine what "bona fide" error defense NCO could possibly have when it was sued for identical violations in *Bellows v. NCO*, case no. Case No. 3:07-cv-01413-W-AIB (S.D.Cal.), and settled such claims for $950,000 in 2008.[1] Exhibit 2. Whatever happened, Federal Rule 9(b) requires NCO to explain the circumstances surrounding any errors with particularity in its affirmative defenses.

**ARGUMENT**

4. NCO filed its Answer and Affirmative Defenses on May 4, 2009. Affirmative defense number two reads:

> **Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCO is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a <u>bona fide error</u>, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.**

Exhibit 1, emphasis added.

5. Federal Rule of Civil Procedure 12(f) states that a party may move to strike "from any pleading any insufficient defense...." "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that do not comport with the pleading rules may be stricken. *Id.*

6. The sufficiency of an affirmative defense is examined with a three-prong analysis:

> **(a) whether the matter is appropriately pleaded as an affirmative defense;**

---

[1] $950,000 was the maximum amount NCO would have had to pay under the settlement. Upon information and belief, it paid much less because very few people submitted claim forms.

> **(b) if it is adequately pleaded under the requirements of Rules 8 and 9; and**
>
> **(c) whether the affirmative defense meets the Rule 12(b)(6) standard.**

*Thomas v. Exxon Mobil Corp.*, 2009 WL 377334 (N.D.Ill. Feb. 11, 2009) (Guzman, J.). This motion concerns the second prong; NCO's second affirmative defense is an averment of mistake, but is not alleged with specificity.

7. "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense. The only exceptions are the defenses that fall within the special pleading provisions of Rule 9, especially Rule 9(b), which deals with fraud, mistake, and conditions of the mind." Charles Alan Wright and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1274, at 455-56 (1990), as quoted in *Smith v. Wal-Mart Stores, Inc.*, case no. C 06-2069, 2006 WL 2711468, 2006 U.S. Dist. LEXIS 72225 (N.D.Cal. Sept. 20, 2006). See also Thomas v. Exxon Mobil Corp., 2009 WL 377334 (N.D.Ill. Feb. 11, 2009); *United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*, case no. 02 C 1903, 2004 WL 3119029, 2004 U.S. Dist. LEXIS 24212 (N.D.Ill. Dec. 3, 2004).

8. Rule 9(b) provides that in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); Fed.R.Civ.P. 9(b). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

9. One of the purposes of Rule 9(b) is to discourage the filing of complaints with vague conclusions "as a pretext for discovery of unknown wrongs." *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989). This reasoning applies with equal weight to defendant's conclusory affirmative defense. It states none of the requisite whos, whats, whens, wheres and hows, and should be stricken.

10. The Seventh Circuit has limited the "bona fide error" affirmative defense, 15 U.S.C. § 1692k(c), to situations where there has been a "genuine mistake" rather than a "contrived mistake." *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 538 (7th Cir. 2005).

11. Given NCO's recent settlement, which constitutes notice-in-fact that its actions violate the FDCPA and TCPA, it appears likely that there was no "mistake" at all. Or if there was a "error," it was a *contrived mistake*, as opposed to bona fide. Either way, plaintiff is entitled to this information upon pleading of the mistake, and respectfully requests that the Court strike NCO's second affirmative defense with leave to replead.

WHEREFORE, plaintiff respectfully requests that, pursuant to Fed.R.Civ.P. 12(f), this Court strike defendants' second affirmative defense because it does not comport with the heightened pleading requirements for averments of mistake in Fed.R.Civ.P. 9(b).

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

4

(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**Certificate of Service**

This document was served upon the following email addresses on May 6, 2009:

    Bryan Shartle  bshartle@sessions-law.biz
    James K. Schultz  jschultz@sessions-law.biz
    David Israel  disrael@sessions-law.biz


                                  /s/Alexander H. Burke