**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALAN DONNELLY, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 09 C 2264** |
| **NCO FINANCIAL SYSTEMS, INC.,** | ) ) | **Judge Ronald A. Guzman** |
| | ) | **Magistrate Judge Nan R. Nolan** |
| **Defendant.** | ) | |

## ORDER

Plaintiff Alan Donnelly filed this class action lawsuit charging Defendant NCO Financial Systems, Inc. ("NCO") with calling debtors on their cellular phones through an automatic telephone dialing system or with an artificial voice in violation of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff also alleges that NCO obtained his credit report without a permissible purpose, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Currently before the court is Plaintiff's motion to compel production of documents and information. For the reasons set forth here, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that NCO called his cellular telephone using one of its 33 "Mercury Predictive Dialers" ("MPD") on April 1, 2, 6, 8, 11 and 14, 2009. (Amended Cmplt. ¶¶ 6, 8.) A predictive dialer "dial[s] telephone numbers in such a way that no human intervention is necessary." (*Id.* ¶ 7.) When a person answers a phone that was dialed by the MPD, the system attempts to connect the recipient with a live agent or employee of NCO. If, however, voice mail picks up the call, then the MPD either leaves a recorded message or hangs up. (*Id.* ¶¶ 10, 11.) Plaintiff claims that "[m]ore than forty of the 128 million calls made with NCO's MPD since August, 2008, were made to cell phones in the 773 and 312 area codes." (*Id.* ¶ 17.) This violates the TCPA, which

makes it unlawful to call a cellular telephone "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff seeks to represent a class of persons who received these willfully unlawful calls. NCO denies the allegations, and claims that it had prior express consent to call any cellular telephones at issue. 47 U.S.C. § 227(b)(1)(A) (exempting calls "made with the prior express consent of the called party.")

Plaintiff issued written discovery to NCO on May 12, 2009. NCO responded on July 10, 2009, but not to Plaintiff's satisfaction. Specifically, Plaintiff did not receive (1) information regarding NCO's prior express consent defense with respect to the class; (2) information regarding NCO's automatic dialers; and (3) other miscellaneous materials. While the parties were attempting to resolve their dispute, on September 25, 2009, NCO filed a motion to stay class discovery pending resolution of its "to-be filed" motion for summary judgment. (Doc. 21.) NCO argued that it would be overly burdensome to produce information relating to all persons called by NCO, and asked the court to "first address the threshold determination of whether NCO violated the TCPA or FDCPA before the parties engage in further time-consuming and expensive class discovery." (*Id.* ¶¶ 7, 8.) Plaintiff, in turn, filed a motion to compel discovery responses.

During oral argument before the district court on October 8, 2009, counsel for NCO elaborated on its production burden as follows:

> What we are dealing with here, your Honor, is over 100 million telephone calls. And it would require an analysis of all that data to establish many things; first of all, when the calls were placed, whether or not the calls were placed to the geographic location that's involved in the class, whether or not those calls were placed to cell phones versus land lines, whether or not those calls were placed through the dialer system or manually, and then whether or not the calls that were placed are tied to an account that we could then identify so we have a class representative.

(Tr. of 10/8/09, Ex. 5 to Pl. Reply to Part I, at 3.) Counsel noted that NCO will have to create special programs to extract this information, which will take "several hundred hours to compile." (*Id.* at 3-4.) Plaintiff's counsel responded that he needs the requested class discovery to address, among other things, NCO's prior express consent defense. Specifically, NCO claims that (1)

Plaintiff gave prior express consent and, thus, cannot represent a class; and (2) "the analysis of determining whether or not each of the[] individual class members gave prior expressed consent takes away from the commonality and typicality requirements of the class action." (*Id.* at 6-7.)

After considering all of these arguments, the district court denied NCO's motion to stay class discovery. (*Id.* at 9.) The court entered and continued Plaintiff's motion to compel, and has now referred the matter to this court for resolution.

## DISCUSSION

The Federal Rules permit discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *In re Thomas Consolidated Indus., Inc.*, No. 04 C 6185, 2005 WL 3776322, at *6 (N.D. Ill. May 19, 2005) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Plaintiff seeks to compel three categories of information: (1) information regarding NCO's prior express consent defense with respect to the class; (2) information regarding NCO's automatic dialers; and (3) other miscellaneous materials regarding Plaintiff, damages discovery, and NCO's bona fide error defense under the FDCPA. The court addresses each in turn.

## A.    Prior Express Consent

Plaintiff issued several discovery requests aimed at learning the basis for NCO's prior express consent defense, including interrogatory nos. 3, 4, 7, 8 and 10, and document request nos. 10, 11, 31, 32 and 33. In essence, Plaintiff wants NCO to produce a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice, since August 19, 2008. Plaintiff also wants to know whether each putative class member provided a cellular telephone number on his or her credit application. NCO once again argues – as it did before the district court – that it would be unduly burdensome to produce this information prior to

3

resolving Plaintiff's motion for class certification. NCO stresses that it intends to oppose class certification based solely on the fact that Plaintiff himself gave prior express consent. As for the consent of other class members, NCO takes the position that "absent mini trials, it is impossible to identify the class members who provided prior express consent." (Def. Resp. Part I, at 4, 5.) Unfortunately for NCO, the district court already considered these arguments and rejected them as a basis for postponing production in this case. (Tr. of 10/8/09; Minute Order of 10/8/09, Doc. 28 (denying motion to stay discovery).)

NCO next argues that the probative value of the requested information is minimal because the resulting list of calls would be both over- and under-inclusive. (Def. Resp. Part I, at 6-7.) NCO notes, for example, that "some of the numbers currently shown as cell phone numbers were not cell numbers at the time that NCO called, but have only recently been ported from a landline to a cell line. The opposite would likely have occurred as well, where a cell number that was called by NCO has since ported back to a landline." (*Id.* at 7.) NCO claims that there is no way to go back and determine whether a number reached a cellular phone or a landline at the time it was dialed. In addition, many numbers "were likely not right contact numbers for consumers so the identity of the person that actually received the call is unknown." (*Id.*)

Magistrate Judge Keys recently rejected a similar argument in *Fike v. The Bureaus, Inc.*, No. 09 C 2558. The defendant there contended that it could not produce the requested list of calls without an "extremely burdensome and time-consuming investigation." The resulting list, moreover, would be "an overinclusive list of individuals who were contacted, period, but many of those individuals will not be class members because they consented to receive calls or because the call was actually placed to a land line rather than a cell phone." (Tr. of 11/13/09, Ex. 5 to Pl. Reply Parts II and III, at 6-7.) Judge Keys recognized that the defendant was "between a rock and a hard place," but stated that "the plaintiff is entitled to know which of the individuals on your list consented. . . . They shouldn't have to interview all thousand of those people to determine whether they are

4

properly part of this class because they consented when you could get that information easier from your records." (*Id.* at 7-8.)

In reaching this conclusion, Judge Keys stressed that discovery in the case had not been bifurcated, and that the defendant was "not going to get anywhere" discussing how the question of consent may preclude class certification. (*Id.* at 11.) Judge Keys also concluded that the plaintiff's need for the information outweighed the defendant's burden in producing it. "It may be rather burdensome . . . but I think this is a legitimate area that the plaintiff should be able to get information from, and to the extent that you have it, you will have to give it up." (*Id.* at 15.)

This court agrees with Judge Keys's sound reasoning in *Fike* and finds that NCO must produce the requested class-wide documents and information relating to its prior express consent defense. The court understands that it will take NCO time and effort to produce this material, but the likely benefit outweighs the burden and expense. *See, e.g., Gregg v. Local 305 IBEW*, No. 1:08-cv-160, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (granting motion to compel discovery where "the burden of producing this discovery does not outweigh its potential benefit."); *Flomo v. Bridgestone Americas Holding, Inc.*, No. 1:06-cv-00627-DFH-JMS, 2009 WL 1456736, at *2 (S.D. Ind. May 20, 2009) ("The party opposing discovery has the burden of showing the discovery is . . . unduly burdensome.") (internal quotations omitted). **Plaintiff's motion to compel Part I is granted. With respect to credit applications, the parties are instructed to redact personal and confidential information aside from name, address and telephone numbers.**

In a related dispute, the parties disagree as to whether NCO must produce its telephone bills for the past four years as requested in document request no. 16. Plaintiff has agreed to limit this request to calls made within the class period – *i.e.*, since August 19, 2008. The court has already concluded that discovery aimed at ascertaining a potential class list is proper, and **NCO is ordered to produce the requested telephone bills by January 19, 2010.**

5

**B.    The Automatic Dialers**

Plaintiff next seeks to compel answers to discovery requests relating to NCO's knowledge of the TCPA and its attempts to comply with the law; how NCO's autodialer system works; and evidence that NCO willfully violated the TCPA (interrogatory nos. 1, 4, 5, 9 and 11, and document request nos. 3, 4, 6-9, 13-20 and 30).  NCO first notes that it supplemented its discovery responses on November 30, 2009, and claims that this production "should have cured the perceived inadequacies alleged by plaintiff to most of these requests."  (Def. Resp. Parts II and III, at 2.)  By NCO's estimation, the only remaining disputes relate to interrogatory no. 5 and request to produce nos. 3, 16 and 23-26.  Plaintiff's reply indicates that additional items remain in dispute as well.  The court addresses each in turn.

Interrogatory no. 5 and document request no. 4 seek information relating to other lawsuits and/or proceedings in which NCO was charged with violating the TCPA.  NCO objects that these requests constitute improper character evidence that is prohibited by Federal Rule of Evidence 404(b).  This argument misses the mark.  To be discoverable under Rule 26, information need not itself be admissible; it must only be relevant or reasonably likely to lead to the discovery of admissible evidence.  *1100 West, LLC v. Red Spot Paint & Varnish Co.*, No. 1:05-cv-1670-LJM-JMS, 2009 WL 1605118, at *29 (S.D. Ind. June 5, 2009) (the Federal Rules of Civil Procedure "favor[] disclosure of relevant evidence as well as evidence likely to lead to relevant evidence.")

Plaintiff argues that evidence of prior lawsuits is relevant to assessing whether NCO acted willfully in violating the TCPA in this case.  Plaintiff suspects that "NCO has been sued, and has settled, multiple times for TCPA violations," which put the company "on notice that others view its actions as violations."  (Pl. Reply Part I, at 2-3.)  NCO responds that allegations of wrongdoing do not necessarily reflect actual violations of the Act.  True, but if NCO has been charged with violations on numerous prior occasions, that is certainly relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance with the statute.  NCO claims that it would

6

be overly burdensome to produce this information, but the court again finds that the likely benefit outweighs that burden. *See Gregg*, 2009 WL 1325103, at *8. **Plaintiff's motion to compel responses to interrogatory no. 5 and document request no. 4 is granted.**

Document request nos. 6-9 and 18 seek information relating to the steps NCO has taken to comply with the TCPA. NCO submitted supplemental responses to these requests, and Plaintiff has not explained why they are inadequate. **The motion to compel further responses to request nos. 6-9 and 18 is therefore denied.** With respect to related interrogatory no. 9, Plaintiff objects that after nearly seven months, NCO has only produced documents that discuss "in part, some of the efforts" it has taken to ensure compliance with the TCPA. Moreover, NCO has indicated that "[i]nvestigation continues." Discovery is set to close on February 26, 2010, and Plaintiff wants NCO's "final word" on this matter. The court agrees. **NCO has until January 19, 2010 to produce all documents responsive to interrogatory no. 9.** This should give Plaintiff enough to time to review the materials before discovery closes.

Document request nos. 3 and 17 relate to materials concerning NCO's prerecorded messaging. In its supplemental response to request no. 3, NCO has agreed to produce "a copy of the message(s) being left" between August 14, 2008 and April 14, 2009. (Def. Resp. Parts II and III, at 5-6.) Plaintiff objects that NCO has produced only a "script" for the prerecorded messages as opposed to the messages themselves. (Pl. Reply Parts II and III, at 4.) **To avoid any confusion, the court hereby orders NCO to produce the actual prerecorded messages it used between August 14, 2008 and April 14, 2009. Plaintiff does not explain why NCO's supplemental response to document request no. 17 is inadequate, so this part of the motion to compel is denied.**

In document request nos. 13, 14 and 30, Plaintiff seeks statistics concerning the efficacy of NCO's autodialers and prerecorded messages. NCO has produced a total of eight documents

(NCO 0109-NCO 0110, NCO 0251-NCO 0256). This court once again agrees with Judge Keys that the requested statistical information is relevant and discoverable, at least to assist with depositions. As Judge Keys explained in *Fike*, "when the plaintiff gets your client for deposition, these issues do come up and they should be able to refer back to statistics that they keep internally. . . . It doesn't mean you're going to get that into evidence, but certainly for depositional purposes they should have all this stuff." (Tr. of 11/13/09, at 32-33.)

NCO objects that all three requests invade the attorney-client privilege and/or the work product doctrine. Plaintiff argues that the company waived any privilege by failing to produce a privilege log despite ample opportunity to do so. "An attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld." *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006). To be sure, "blanket waiver is not a favored remedy for technical inadequacies in a privilege log." *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007). Here, however, there is no privilege log at all. **Plaintiff's motion to compel responses to document request nos. 13, 14 and 30 is granted.**

Document request nos. 15 and 20 ask for contracts, agreements, documents and communications with third parties relating to telephony and telephoning debtors to collect debts. NCO has produced its contract with LiveVox; its LiveVox Quick Operations Guide; and its CR Software MPD, but nothing else. Judge Keys recently ordered the defendant to ask its creditors for documents in their possession that were responsive to the plaintiff's discovery requests. (Tr. of 11/13/09, at 23-24.) To the extent NCO has taken the position that it was entitled to rely upon information provided by its creditors in placing collection calls, the court agrees that the requested information is both relevant and discoverable. (*See* Answer to Interrogatory No. 6. ("NCO reasonably concluded that it had prior express consent from plaintiff to make such calls" because "NCO obtained the number . . . from the original creditor.").) *See also Engel v. Town of Roseland*, No. 3:06-cv-430, 2007 WL 2903196, at *4 (N.D. Ind. Oct. 1, 2007) ("[W]hen a party has a right to

obtain a copy of a document, it controls that document and must produce it when requested to do so under Rule 34.") **NCO must produce contracts with its creditors by January 19, 2010.**

Plaintiff next objects that NCO has not fully responded to interrogatory no. 4, which asks NCO to identify the "caller ID" information that is broadcast when NCO uses its autodialers; which prerecorded messages are used with each specific autodialer; and the dates it used each autodialer. NCO has responded only that "[t]he dialers are programmed so that the number broadcast when making a call is the number associated with the office from which the account is being worked." (Answer to Interrogatory No. 4.) **The court agrees with Plaintiff that this response is incomplete and must be supplemented to provide (1) the actual telephone number of each office where someone worked an account; (2) the prerecorded messages used with each autodialer; and (3) the dates of usage for each autodialer.**

## C. Miscellaneous Materials

Plaintiff finally seeks to compel the production of three categories of additional materials. Plaintiff first addresses document request nos. 21-27, which he claims are "aimed at gaining insight into" (1) the frequency and persistence of noncompliance by NCO, and (2) the extent to which the noncompliance was intentional. (Pl. Motion, at 13-14.) The requests seek documents relating to proceedings, complaints and claims accusing NCO of FDCPA violations. NCO supplemented its responses to document request nos. 21, 22 and 27, and Plaintiff has not explained why the supplementation is insufficient. **The motion to compel further response to document request nos. 21, 22 and 27 is therefore denied.**

As for document request nos. 23-26, NCO argues that discovery is not appropriate because "the frequency or persistence of [NCO's] conduct does not apply to prior claims, but only to the conduct directed to the plaintiff. (Def. Resp. Parts II and III, at 4 (citing *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997)).) This argument appears well-taken in light of the fact that Plaintiff is proceeding on this claim individually. Courts in this jurisdiction have found that

9

"[t]here is nothing in the clear language of the FDCPA which suggests that – in an individual action, as opposed to a class action – a court looks to a debt collector's practices regarding persons other than the plaintiff in determining the 'frequency and persistence of noncompliance.'" *Cusumano v. NRB, Inc.*, No. 96 C 6876, 1998 WL 673833, at *2 (N.D. Ill. Sept. 23, 1998). *See also Dewey v. Associated Collectors, Inc.*, 927 F. Supp. 1172, 1175-76 (W.D. Wis. 1996) (agreeing that "evidence concerning the defendant's actions with respect to other consumers had no relevance in an individual action in which the amount of liability was to be determined in accordance with § 1692k(b)(1).")

Plaintiff fails to address this case law, nor does he cite any other authority for the proposition that the requested discovery is appropriate to show frequency of noncompliance in an individual action. The court also does not see how information regarding other consumers is relevant to show that NCO's actions towards Plaintiff were willful. **Plaintiff's motion to compel with respect to document request nos. 23-26 is denied.**

Plaintiff next argues that NCO should provide final responses to interrogatory no. 2 and document request nos. 1 and 2. Interrogatory no. 2 asks NCO to identify the basis for any contention that Plaintiff consented to be called on his cellular telephone. Document request no. 1 seeks all documents relating to Plaintiff, and document request no. 2 asks for all documents NCO transmitted to Plaintiff regarding his alleged debt. NCO has responded that Plaintiff provided the telephone number to NCO's client, Acute Care Specialists, Inc.; that Acute Care Specialists indicated the number was a home number; and NCO relied on the accuracy of this information. In its supplemental response, NCO directs Plaintiff to placement data supplied by Acute Care Specialists (NCO 0013-NCO 0018), as well as NCO 0001-NCO 0007, and states that it has no other responsive documents.

Plaintiff now wants the court to compel NCO "to provide its final responses to these requests," and asks that NCO "be barred from introducing additional contentions, documents or

10

information." (Pl. Reply Parts II and III, at 5.) **NCO has until January 19, 2010 to produce any additional information or documents responsive to interrogatory no. 1 and document request nos. 1 and 2.**

Document request no. 31 seeks information related to NCO's bona fide error defense, including "[a]ll documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones using an automatic telephone dialing system, using an artificial or pre-recorded voice." Under the FDCPA, a debt collector cannot be held liable if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). In this case, NCO is asserting that any alleged violation of the FDCPA resulted from a mistake of law. Plaintiff argues that "[i]f a party asserts a defense that it made an error of law, then it must have consulted with attorneys, or have reviewed some law. Because NCO has not produced any materials regarding legal inquiries, plaintiff believes that NCO is withholding such." (Pl. Reply Parts II and III, at 5.)

The problem with Plaintiff's argument is that document request no. 31 does not ask for materials regarding legal inquiries. NCO has already produced its training materials, and Plaintiff has not shown that this response is inadequate. **Plaintiff's motion to compel further response to document request no. 31 is denied.**

## CONCLUSION

For the reasons stated above, Plaintiff's motion to compel [Doc. 24, 44] is granted in part and denied in part. NCO has until January 19, 2010 to produce supplemental discovery responses consistent with this opinion.

11

ENTER:

Dated: December 16, 2009

NAN R. NOLAN
United States Magistrate Judge