**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN DONNELLY, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge Guzman |
| - vs- | ) ) | Case No.:    09 CV 2264 |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | Magistrate Judge Nolan |
| Defendant. | ) | |

**NCO FINANCIAL SYSTEMS, INC.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES defendant NCO Financial Systems, Inc. ("NCO"), by undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. In support thereof, NCO states as follows.

1.  This putative class action was originally filed asserting class claims pursuant to both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.  On November 24, 2009, plaintiff filed an Amended Complaint [doc. 52]. In the amended complaint, plaintiff brings 3 claims on behalf of a putative class for violations of the TCPA (Count I, II and III). Having abandoned the FDCPA class claim, plaintiff also has individual claims asserting violations of the FDCPA (Count IV) and the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq.* (Count V).

- 2 -

3. Each of plaintiff's claims fail as a matter of law. First, there was no violation of the TCPA because, by providing his number to the creditor-hospital, plaintiff provided prior express consent to receive calls attempting to collect a debt incurred at the hospital.

4. The FDCPA claim similarly fails because that Act neither regulates calls made to cellular phones, nor is it intended as a piggy back statute to enforce other federal statutes.

5. The FCRA claim is without merit because NCO had a permissible purpose to obtain plaintiff's credit report as the debt NCO was attempting to collect was incurred in a transaction initiated by plaintiff..

6. Finally, even if plaintiff has stated a viable claim under the TCPA, the class allegations should be dismissed because plaintiff is unable to get a class certified under Fed.R.Civ.P. 23 for a variety of reasons, including the myriad of min-trials that plaintiff's proposed class would require at trial. Because the class claims are without merit, the class allegations should be dismissed.

7. NCO is submitting a memorandum of law contemporaneous with and in support of this motion.

WHEREFORE, NCO Financial Systems, Inc. respectfully requests that this Honorable Court dismiss plaintiff's Amended Complaint with prejudice, the costs of NCO, and for all other fair and equitable relief.

        Respectfully submitted,

        <u>/s/ James K. Schultz</u>
        Attorney for NCO Financial Systems, Inc.

David Israel
Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Telephone: 504-828-3700
Facsimile: 504-828-3737
disrael@sessions-law.biz
bshartle@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
55 West Monroe, Suite 1120
Chicago, IL  60603
Telephone:    (312) 578-0990
Facsimile:    (312) 578-0991
jschultz@sessions-law.biz

Attorneys for NCO Financial Systems, Inc.

- 4 -

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of December, 2009, a copy of the foregoing **NCO Financial Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Alexander H. Burke
    BURKE LAW OFFICES, LLC
    155 N. Michigan Ave., Suite 9020
    Chicago, IL 60601
    (312) 729-5288
    (312) 729-5289 (fax)
    ABurke@BurkeLawLLC.com

                      /s/ James K. Schultz
                      Attorney for NCO Financial Systems, Inc.