**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN DONNELLY, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge Guzman |
| -vs- | ) ) | Case No.: 09 CV 2264 |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | Magistrate Judge Nolan |
| Defendant. | ) | |

**NCO'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD REGARDING MOTION TO BAR**

NOW COMES defendant NCO Financial Systems, Inc. ("NCO") by and through undersigned counsel, and *in partial* opposition to plaintiff's Motion to Supplement Record Regarding Motion to Bar, states as follows:

1. Plaintiff has filed a motion to bar NCO from, in effect, calling any third party witnesses that might contradict or refute plaintiff's allegation that NCO was calling consumers on their cell phones *without prior express consent*.

2. After oral argument on that motion on February 3 and February 5, 2010, this Court advised the parties, by telephone that the Court was vacating a previously set briefing schedule, and instead would be ruling on that motion on Monday, February 8, 2010.

3. On February 6, 2010, plaintiff filed a motion to supplement the record regarding the motion to bar. In the proposed supplementation, plaintiff purports to offer "rebuttal points concerning the 'fact sheets'". Plaintiff also provides citation to authority

that the Court had previously requested. NCO does not object to plaintiff's submission of authorities. NCO does, however, object to the "rebuttal points" offered by plaintiff because these "points" are actually contradicted by the documents purportedly being described, and unreasonable. A fair analysis of the timeline of the case and the information produced demonstrates, contrary to plaintiff's contention, that 1 – the witnesses disclosed to plaintiff on January 29, 2010 were not known to NCO until shortly before the January 19, 2010 document production; 2 – that these witnesses were identified in the production of January 19, 2010; and 3 – that NCO timely supplemented its Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures to include the witnesses after their identities were first ascertained.

4. Incredibly, plaintiff contends in his motion that, during oral argument on plaintiff's motion to bar, undersigned counsel misrepresented that the names of these witnesses were disclosed in the production of January 19, 2010, and seeks to support this assertion with a copy of the Fact Sheet for the putative class representative, Alan Donnelly. What is stunning about this charge is that the Fact Sheet relied on by plaintiff actually contains the exact information that plaintiff claims was lacking. NCO provided plaintiff's counsel with the names of all of the witnesses on January 19, 2010 when it produced the Fact Sheets. As demonstrated by the Fact Sheet of Alan Donnelly, previously filed by plaintiff, the name of the original creditor is irrefutably disclosed. The original creditors are the witnesses disclosed by NCO to support its contention that plaintiff, and class members, gave prior express consent.

5. The Fact Sheets, produced on January 19, 2010, are the source of the

subsequently assembled creditor list used by NCO to supplement its Initial Disclosures. Culling through the Fact Sheets for 280,000 consumers took time and effort, and the list was timely disclosed after it was completed. Plaintiff's argument that he was not previously given this information is belied by his own evidence.

6. Moreover, this information was not in the "custody and control" of NCO since the inception of this case. Plaintiff's counsel seems to suggest that NCO knows who its customers are, and therefore should have been able to disclose the name of its creditor clients earlier. Plaintiff's argument misses the point and is unreasonable. Of course NCO knows who its customers are - but that was not the data that was produced by NCO nor is that relevant to any of the issues in this case. The list that was produced represented only those creditors for the putative class members (those people with telephone numbers in the 312 and 773 area codes). Again, this information was not ascertainable, let alone in the "custody or control" of NCO until it compiled the data to respond to the discovery compelled by this Court's Order of December 16, 2009. NCO supplemented, and continues to supplement *before* the close of discovery all information that will support its defenses.

7. Plaintiff's complaint rings hollow – plaintiff's lament is, in reality, that NCO has produced too much data and identified too many witnesses. However, plaintiff is the one that defined the current proposed class, and sought discovery for that vast number of putative class members. NCO should not be sanctioned because plaintiff is upset that NCO is able to actually rebut plaintiff's theory of liability. NCO must be afforded an opportunity to defend itself; the witnesses it disclosed and the Fact Sheets

produced do exactly that.  The disclosure of the names was a timely supplementation of witness names shortly after they became known to NCO.  Plaintiff's attempt to "supplement the record" is a futile gesture to prevent a fair adjudication of this case *on its merits*.

8.  Finally, to the extent that NCO may have had an obligation to disclose witnesses that it was not aware of earlier, the striking of NCO's witnesses is too severe of a sanction.  Again, the disclosure was made more than 1 month prior to the close of discovery, and within the timeframe given by this Court in the December 16, 2009 Order on the motion to compel.  The supplementation was timely made after NCO first became aware of the creditor witness names.  Plaintiff certainly would not have attempted to depose all of these witnesses - regardless if he had 30 or 300 days.  Other than loud protestations, plaintiff has not shown that he has been unfairly prejudiced by the timing of the disclosure in any way.  NCO should not be left without a critical defense because the scope of plaintiff's proposed class requires thousands of possible witnesses.  Plaintiff is responsible for the size of the putative class and plaintiff is the one that sought the production of the information containing the creditor names.

WHEREFORE, based on the foregoing, NCO respectfully requests that this Court deny, in part, plaintiff's Motion to Supplement Record Regarding Motion to Bar.

- 5 -

                                              Respectfully submitted,

                                              /s/ James K. Schultz
                                              Attorney for Defendant NCO

David Israel
Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:   (504) 828-3737
E-Mail:     disrael@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
55 West Monroe Street
 Suite 1120
Chicago, Illinois  60603
Telephone:  (312) 578-0990
Facsimile:   (312) 578-0991
E-Mail:     jschultz@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 7th day of February, 2010, a copy of the foregoing **Defendant's Partial Opposition To Plaintiff's Motion to Supplement Record Regarding Motion to Bar** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> (312) 729-5288
> (312) 729-5289 (fax)
> ABurke@BurkeLawLLC.com

                    /s/ James K. Schultz
                    Attorney for Defendant NCO