IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN DONNELLY, on behalf of himself and others similarly situated, | ) ) | 09 C 2264 |
| Plaintiff, | ) ) | |
| | ) | Judge Guzman |
| v. | ) ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | JURY DEMANDED |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
SUPPLEMENT RECORD REGARDING MOTION TO BAR**

1. On February 6, 2010, plaintiff filed a motion to supplement the record concerning his motion to bar. On February 7, 2010, NCO filed a response; this document is plaintiff's reply.

2. It appears that NCO's position is that information was not in its "custody and control" because NCO had not organized the information in its files until January 2010.

3. There is no requirement that witnesses be in the "custody or control" of a party to require disclosure; a party need only have the information in its files or knowledge to trigger a duty to disclose. The "custody and control" language comes from Fed.R.Civ.P. 34, and also exists in the documents portion of Fed.R.Civ.P. 26(a)(1)(ii). *See* Chaveriat *v. Williams Pipe Line Co.*, 11 F.3d 1420 (7th Cir. 1993) (distinguishing document requests from interrogatories when it comes to materials versus information in a party's "custody or control.") The operative issue here is whether the witness disclosure was appropriate under Fed.R.Civ.P. 26(a)(1)(i), which requires early and transparent disclosure of:

1

the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

4. There is absolutely no requirement that information be in a party's "custody and control:" if the party thinks that a witness may be called, it must disclose this witness. Certainly NCO did not come up with the idea of disclosing these thousands of witnesses two weeks ago. It did not even allude to the witnesses until the Big Disclosure on January 26, 2010. NCO had access to this information in its files, it just did not assemble the information until Judge Guzman overruled the objections to Judge Nolan's December 16, 2009, order.

5. Even if "custody and control" were the standard for witness disclosures, which it is not, NCO's position would still be unsupportable. "Control" has been construed widely, and courts look beyond the other two factors to determine the substantive "control" a party has over materials in any particular case. *New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006). Judge Keys recently addressed the issue of "control" as used in Fed.R.Civ.P. 34(a) in *Thayer v. Chiczewski*, 2009 WL 2957317, at *6-7 (Sept. 11, 2009 N.D.Ill), noting that there are several different scenarios where documents and things that are in the physical possession of a third party may also be in the "control" of the litigant:

> 1) where a contractual provision grants a party the right to access the requested materials, see *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 928-29 (1st Cir.1988);
>
> 2) where the materials are in the possession of the party's agent, such as its attorney, see, e.g., *Commercial Credit Corp. v. Repper*, 309 F.2d 97, 98 (6th Cir. 1962);
>
> 3) where the materials are in the custody of the party's employee, *Riddell Sports, Inc. v. Brook*, 158 F.R.D. 555, 558 (S.D.N.Y.1994); and

4) most broadly, where a party has "the practical ability to obtain the documents from a nonparty to the action*." Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y.1997).

If the Federal Rules require parties to seek information from outside sources under the above circumstances, why was NCO not required to search its own files and information in a timely manner in this case relating to its affirmative defense?  Plaintiff submits that, although NCO and/or its attorneys may not have culled this information until the last minute, they *must* have always known that they planned to use the information, and *waited* to make the disclosure.

6. NCO has not asserted any sort of reason why it could not have gathered the information sooner. And the "Fact Sheets" for plaintiff and the class members do not include any addresses or telephone numbers for the purported "original creditors," nor do they provide any information concerning any intermediary "debt buyers" that owned the debts before NCO allegedly came into the picture.

7. Plaintiff asked for the information in May 2009, not December 2009.  And again, NCO has not provided complete responses to interrogatories 3 and 10, asking for all evidence relating to its prior express consent defense.

8. To the extent that NCO plans to have these third party witnesses testify as to what was in credit applications, such testimony has been barred through Judge Guzman's January 20, 2010, bench ruling, which is the law of the case. *Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004 (N.D.Ill. 2009) (Cole, J.) (upholding District Judge's Fed.R.Civ.P. 72(a) ruling in denying similar request for discovery, holding that litigants have the rightful expectation that a change in judge mid-way through litigation will not affect decisions made previously).

9.      NCO had the information in its files, but chose not to organize the data as plaintiff requested until Judge Guzman overruled its objections to Judge Nolan's December 16, 2009 order.  In stark contrast to the eight-month discovery period that has now almost ended, NCO gathered this information in just a couple of weeks.  Motion to compel or not, there is simply no excuse for NCO to have delayed production of this many supposed witnesses until three weeks before the discovery cutoff.  NCO's arguments that plaintiff has not been prejudiced are absurd.  As explained during oral argument, plaintiff would have methodically investigated the third parties and asked for documents and depositions through Fed.R.Civ.P. 45.  The May 2009 – February 2010 discovery period was designed to provide enough time to do such things.  Apparently, NCO felt it appropriate to wait until the last minute to provide plaintiff with the information.

10.     A party should not be awarded for such dilatory conduct.  And although NCO argues that a lesser sanction is more appropriate, it does not suggest any.  Plaintiff's position is reasonable:  that the defense should be stricken completely, as warned in Judge Guzman's January 13, 2010, order.  As an alternative, plaintiff suggests that barring the witnesses is a justified, lesser sanction, that is rationally-related to the issues before the Court.  As NCO's counsel pointed out at oral argument, NCO plans to raise arguments other than those supported by these witnesses and the credit applications in support of its prior express consent defense.[1]

---

[1] Of course, defendant has not responded adequately to the contention interrogatory (number 3), which was compelled, objected to and overruled, asking for this information: "If you contend that any persons responsive to [the class list interrogatories 7&8] consented to be called on their cellular telephone by you, identify the basis for such contention specifically for each person."

11. Plaintiff submits that the appropriate result here is to bar the witnesses. Such an order would be a lesser sanction than warned by Judge Guzman on January 13, 2010, and would be justified under the circumstances.

Respectfully submitted,

/s/ Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com