# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2264 | **DATE** | 2/8/2010 |
| **CASE TITLE** | Alan Donnelly vs. NCO Financial Systems, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's Motion to Bar Witnesses Untimely Disclosed [77] is denied and Plaintiff's Motion to Supplement Record Regarding Plaintiff's Motion to Bar [83] is granted.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

     In this motion, Plaintiff seeks to bar NCO Financial Systems, Inc. ("NCO") from using any of the 2,643 witnesses it disclosed on January 29, 2010 in support of its prior express consent defense. Some background is helpful. On October 2, 2009, Plaintiff moved to compel discovery responses relating to, among other things, NCO's prior express consent defense with respect to the class. In large measure based on the district court's ruling that the parties had to proceed simultaneously with class and merits discovery, this court granted Plaintiff's motion to compel relevant class information on December 16, 2009. In light of the district court's firm discovery cut-off date of February 26, 2010, this court also ordered NCO to produce the requested information by January 19, 2010 in order to give Plaintiff enough time to review it. The court understood that the production could be large and burdensome, but felt constrained by the district court's timetable.

     The court understands that NCO produced some additional documents and information on January 19, 2010. On January 29, 2010, NCO identified 2,643 witnesses as part of a Second Supplemental Initial Disclosure. The stated purpose of the supplementation was to "disclose the names and addresses of the creditors of those debtors that were identified in the January 19, 2010 production as having a telephone number on the account that was currently identified as a cell phone." (Ex. A to Motion.) Plaintiff insists that this supplementation is untimely and prejudicial, and asks the court to bar NCO from introducing evidence or testimony concerning any of these new witnesses.

     The court heard extensive oral argument on Plaintiff's motion on February 3 and 5, 2010. The court has also carefully reviewed the parties' supplemental submissions. In this court's view, the discovery schedule set by the district court is overly restrictive in light of the volume of information necessary to complete both class and merits discovery. Under Rule 37, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Sebastiano v. Swift Transp. Co.*, No. 08 C 2074, 2009 WL 277552, at *2 (N.D. Ill. Feb. 5, 2009) (quoting *Salgado v. General Motors Corp.*, 150 F.3d

**STATEMENT**

735, 739 (7th Cir. 1998)). Here, a sanction of blanket waiver is draconian and unfair to both parties.

Plaintiff moved to compel class information, and NCO was within its right to challenge the motion. Upon losing the challenge, NCO produced the requested information as soon as practicable. Plaintiff acknowledges that it would never have deposed or interviewed 2,643 witnesses even had NCO produced their names back in May 2009. Yet both parties need time to assess the nature of the witnesses' knowledge and evaluate the legitimacy of the prior express consent defense. Again, given that the parties have been ordered to engage in simultaneous class and merits discovery, the process of exchanging information has proven even more daunting. This court recommends that the district court give the parties sufficient additional time to complete discovery so that they may develop their theories and fully represent their clients.